## Donatucci v. Methodist Hospital

*Faust Maltioni,* for plaintiffs.

*A. G. Sprecher, F. E. Shields* and *J. L. Griffith,* for defendants.

TAKIFF, *J.,* February 2, 1976—On October 8, 1970, Thomas Donatucci, a cardiac patient at Methodist Hospital, was allegedly given an overdose of digoxin by Jon Michael Hinz, a nursing technician. Mr. Donatucci was treated for the effects of the medication by Dr. David Ginsberg and Dr. Walter Herman. He died approximately five days later. Plaintiff brought suit against Methodist Hospital on the claimed negligence of its employe in administering the overdose; subsequently, a separate action was instituted against Drs. Ginsberg and Herman for alleged negligence in their post-overdose treatment. The instant petition seeks to consolidate these two suits.

The common thread between the two claims is the drug overdose: One claim is predicated upon that event while the other is based upon alleged negligence in treatment of its consequences. The issues of liability are different but the damage questions are, obviously, so closely interwoven that to permit separate trials would invite confusion as to damages. Should plaintiff prevail in both claims,

the short-time sequence in which these events occurred would make it well nigh impossible for separate juries to reasonably allocate damages among defendants. The causal relationship, if any, between each alleged act of negligence and Mr. Donatucci's injury and death, can best be submitted and rationally evaluated by a jury trying both issues at the same time.

This consolidation will clearly require careful instruction by the court to the jury on the respective and separate duties and obligations of the parties. However, we must assume that appropriate requests for jury instruction will be submitted by counsel and that a clear demarcation of the duties owed by the several defendants can, and will be, given to the jury. Any possible confusion in rendition of the verdict can be effectively avoided by explicit and clearly phrased special interrogatories.

The fact that a pretrial deposition of Mr. Hinz was taken before suit was filed against Drs. Ginsberg and Herman does not necessitate separate trials. Any possible use of that deposition at trial can be the subject of adequate instruction to properly limit its applicability. In view of the nature of the distinctive allegations against each defendant, the nonparticipation by counsel for the individual physicians in the deposition examination should not be prejudicial to their rights, under appropriate instruction to the jury.

Accordingly, we enter the following

## ORDER

And now, February 2, 1976, after consideration of the petition and answers filed, it is ordered that the following cases be consolidated for trial after com-

pletion of pretrial discovery and the filing of certificates of readiness in both cases:

Yolanda R. Donatucci, Ind. and as Admx., et al. v. METHODIST HOSPITAL, Court of Common Pleas, April Term, 1971, no. 1601.

Yolanda R. Donatucci, Ind. and as Admx., et al. v. DAVID K. GINSBERG, M.D., and WALTER M. HERMAN, M.D., Court of Common Pleas, October Term, 1971, no. 1589.